**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| BRYCE THERIOT, Individually and For Others Similarly Situated<br><br>v.<br><br>CARLSEN MOORING & MARINE SERVICES LLC | Case No. _____<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Pursuant to 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Bryce Theriot (Theriot) brings this collective action lawsuit to recover unpaid overtime wages and other damages from Carlsen Mooring & Marine Services, LLC (Carlsen) under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA).

2. Theriot worked for Carlsen as a Line Handler.

3. Like the other Day Rate Workers (as defined below), Theriot regularly worked more than 40 hours a workweek.

4. But Carlsen never pays Theriot and the other Day Rate Workers overtime.

5. Instead, Carlsen pays Theriot and the other Day Rate Workers a flat amount for each day worked (a "day rate") without overtime compensation.

6. Carlsen's uniform day rate pay scheme violates the FLSA by depriving Theriot and the other Day Rate Workers of overtime pay when they work more than 40 hours in a workweek.

### JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

1

8. This Court has general personal jurisdiction over Carlsen because Carlsen is a Texas limited liability company and maintains its headquarters in Houston, Texas.

9. Venue is proper because Carlsen maintains its headquarters in Houston, Texas, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

## PARTIES

10. Theriot worked for Carlsen as a Line Handler from approximately October 2023 until April 2024.

11. Throughout his employment, Carlsen paid Theriot a flat rate for each day he worked, regardless of the total hours he worked that workday or workweek and failed to pay him overtime ("day rate pay scheme").

12. Theriot's written consent is attached as **Exhibit 1**.

13. Theriot brings this action on behalf of himself and all other similarly situated Carlsen workers who were paid under its illegal day rate pay scheme.

14. Carlsen paid each of these workers a flat amount for each day worked and failed to pay them overtime when they worked more than 40 hours in a workweek in violation of the FLSA.

15. The Putative Collective of similarly situated employees is defined as:

> **All current and former Carlsen Line Handlers who were paid a day rate and no overtime at any time during the past 3 years ("Day Rate Workers").**

16. The Day Rate Workers can be readily ascertained from Carlsen's business and personnel records.

17. Carlsen is a Texas limited liability company that maintains its headquarters in Houston, Texas.

18. Carlsen may be served with process by serving its registered agent: **C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201**.

## COVERAGE UNDER THE FLSA

19. At all relevant times, Carlsen was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, Carlsen was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all relevant times, Carlsen has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

22. At all relevant times, Carlsen has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials including tools, equipment, cell phones, personal protective equipment, etc. that have been moved in or produced for commerce.

23. In each of the past 3 years, Carlsen has had and has an annual gross volume of sales made or business done of not less than $1,000,000.

24. At all relevant times, Theriot and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

25. Carlsen uniformly applied its policy of paying its Line Handlers, including Theriot and the other Day Rate Workers, a day rate and no overtime compensation.

26. Carlsen applied this policy regardless of any alleged individualized factors such as precise job position, client/project assignment, or geographic location.

27. As a result of Carlsen's uniform day rate pay scheme, Theriot and the Day Rate Workers do not receive overtime in violation of the FLSA.

28. Carlsen's uniform compensation scheme of paying Theriot and the Day Rate Workers a day rate with no overtime wages during workweeks in which these employees work in excess of 40 hours violates the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTS

29. Carlsen states that it offers "superior line handling services[, including] in the Sabine ship channel."[1]

30. To fulfill its business objectives, Carlsen hires Line Handlers (including Theriot and the other Day Rate Workers) to provide services to its marine industry clients.

31. Carlsen uniformly pays its Line Handlers, including Theriot and the Day Rate Workers, on a day rate basis (without overtime pay).

32. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

33. For example, Theriot worked for Carlsen as a Line Handler from approximately October 2023 until April 2024.

34. As a Line Handler, Theriot's primary job duties included pulling, pushing, lifting, and dragging incoming ships' heaving lines and mooring lines, while on a dock, and securing the mooring lines to the onshore bit without tangling any mooring lines.

35. Theriot performed his job duties onshore.

36. Throughout his employment, Carlsen paid Theriot on a day rate basis (without overtime).

---

[1] https://carlsenmooring.com/ (last accessed June 19, 2024).

37. Specifically, during his employment, Carlsen paid Theriot a day rate of $200 for each day he actually worked, regardless of the number of hours he worked that day (or that workweek) and failed to pay him overtime compensation:

| Pay Period 12/13/2023 - 12/19/2023 ||
|---|---|
| Gross Pay | Net Pay |
| $1,200.00 | $964.96 |

**Earnings**

| | Units/Hours | Amount |
|---|---|---|
| Regular | 6 | $1,200.00 |
| Total | | $1,200.00 |

38. Carlsen uniformly pays Theriot and the Day Rate Workers under its illegal day rate pay scheme that deprives them of overtime compensation during workweeks in which they work in excess of 40 hours.

39. Carlsen does not pay Theriot and the Day Rate Workers a guaranteed salary.

40. Rather, Carlsen only pays Theriot and the Day Rate Workers their set day rates for the actual days they work.

41. If Theriot and the Day Rate Workers do not work, they do not get paid.

42. Carlsen pays Theriot and the Day Rate Workers on a day rate basis (without overtime).

43. Theriot and the Day Rate Workers' day rates do not increase when they work more than 40 hours in a workweek.

44. Carlsen and the Day Rate Workers do not receive overtime compensation when they work more than 40 hours in a workweek.

45. This is despite Carlsen and the Day Rate Workers working 12+ hours a day, for up to 7 days a workweek.

46. Although Carlsen and the Day Rate Workers regularly work 84+ hours a workweek, Carlsen never pays them overtime wages.

47. Carlsen and the Day Rate Workers work in accordance with the schedule set by Carlsen.

48. Carlsen knows Theriot and the Day Rate Workers work 12+ hours a day, for up to 7 days a workweek.

49. Carlsen's records reflect the fact that Theriot and the Day Rate Workers regularly work in excess of 40 hours in certain workweeks.

50. Rather than receiving time and half as required by the FLSA, Carlsen pays Theriot and the Day Rate Workers a day rate regardless of the number of hours they work in a day or workweek, and even when they work more than 40 hours in a workweek.

51. All of the Day Rate Workers perform similar job duties, work similar hours, and are denied overtime as a result of the same illegal pay practice – Carlsen's day rate pay scheme.

52. As a Line Handlers, all of the Day Rate Workers' primary job duties included pulling, pushing, lifting, and dragging incoming ships' heaving lines and mooring lines, while on a dock, and securing the mooring lines to the onshore bit.

53. All of the Day Rate Workers work in excess of 40 hours each week and sometimes work 84+ hours in a workweek.

54. Carlsen uniformly denies Theriot and the Day Rate Workers overtime for the hours they work more than 40 hours in a workweek.

55. Carlsen's policy of paying Theriot and the Day Rate Workers a day rate with no overtime compensation violates the FLSA because it deprives Theriot and the Day Rate Workers of overtime compensation for the hours they work in excess of 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

56. Theriot realleges and incorporates all other paragraphs by reference.

57. Theriot brings his claim as a collective action under § 216(b) of the FLSA.

58. Numerous individuals were victimized by Carlsen's pattern, practice, and policy of paying its Line Handlers, including Theriot and the Day Rate Workers, a day rate with no overtime for hours worked in excess of 40 in a workweek, which is in willful violation of the FLSA.

59. Numerous other Day Rate Workers worked with Theriot and indicated they were paid in the same manner (a day rate with no overtime) and performed similar work.

60. Based on his experience and tenure with Carlsen, Theriot is aware that that the illegal practices Carlsen imposed on him were likewise imposed on the Day Rate Workers.

61. The Day Rate Workers are similarly situated in all relevant respects.

62. Carlsen's failure to pay Theriot and the Day Rate Workers overtime wages at the premium rates required by the FLSA results from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the Day Rate Workers.

63. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime compensation.

64. Therefore, the specific job titles or precise job locations of the various members of the Putative Collective do not prevent collective treatment.

65. Rather, the Putative Collective is held together by Carlsen's uniform illegal day rate pay scheme that systematically deprives Theriot and the Day Rate Workers of overtime wages when they work in excess of 40 hours in a workweek.

66. Theriot has no interest contrary to, or in conflict with, the Day Rate Workers.

67. Like each Day Rate Worker, Theriot has an interest in obtaining the unpaid overtime wages owed to them under federal law.

68. Absent this collective action, many Day Rate Workers likely will not obtain redress for their injuries, and Carlsen will reap the unjust benefits of violating the FLSA.

69. Even if some of the Day Rate Workers could afford individual litigation against Carlsen, it would be unduly burdensome to the judicial system.

70. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Collective and provide for judicial consistency.

71. Theriot and the Day Rate Workers sustained damages arising out of Carlsen's illegal and uniform employment policies and practices.

72. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

73. Therefore, the issue of damages does not preclude collective treatment.

74. Carlsen is liable under the FLSA for failing to pay overtime to Theriot and the Day Rate Workers.

75. Consistent with Carlsen's illegal pay policy, Theriot and the Day Rate Workers are not paid the required premium overtime compensation when they worked more than 40 hours in a workweek.

76. As part of its regular business practices, Carlsen intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Theriot and the Day Rate Workers.

77. Carlsen's illegal day rate pay scheme deprived Theriot and the Day Rate Workers of the premium overtime wages they are owed under federal law.

78. There are many similarly situated Day Rate Workers who have been denied overtime in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

79. Notice of this lawsuit should be sent to the Day Rate Workers pursuant to 29 U.S.C. § 216(b).

80. Those similarly situated workers (the Day Rate Workers) are known to Carlsen, are readily identifiable, and can be located through Carlsen's business and personnel records.

## CARLSEN'S FLSA VIOLATIONS WERE WILLFUL AND/OR DONE IN RECKLESS DISREGARD OF THE FLSA

81. Theriot incorporates all other paragraphs by reference.

82. Carlsen knew it was subject to the FLSA's overtime provisions.

83. Carlsen knew the FLSA required it to pay non-exempt employees, including the Day Rate Workers, overtime at rates not less than 1.5 times their regular rates of pay for all hours worked after 40 in a workweek.

84. Carlsen knew each Day Rate Worker worked more than 40 hours in at least one workweek during the relevant period.

85. Carlsen knew it paid its Day Rate Workers on a daily basis.

86. Carlsen knew it paid its Day Rate Workers a day rate (with no overtime for their hours worked in excess of 40 in a workweek).

87. Nonetheless, Carlsen uniformly misclassifies its Day Rate Workers as exempt and refused to pay them overtime.

88. Carlsen knew, should have known, or showed reckless disregard for whether its conduct described in this Complaint violated the FLSA.

89. Carlsen knowingly, willfully, and/or in reckless disregard carried out its illegal day rate pay scheme that systematically deprived the Day Rate Workers of overtime for their hours worked over 40 in a workweek in violation of the FLSA.

### CARLSEN'S FLSA VIOLATIONS WERE NOT DONE IN GOOD FAITH

90. Theriot incorporates all other paragraphs by reference.

91. Carlsen did not seek the advice of counsel regarding paying its Day Rate Workers a day rate with no overtime.

92. Carlsen did not receive advice from counsel regarding paying its Day Rate Workers a day rate with no overtime.

93. Carlsen did not rely on the advice of counsel in deciding to pay its Day Rate Workers a day rate with no overtime.

94. Carlsen's decision not to pay its Day Rate Workers overtime was neither reasonable nor made in good faith.

### CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA
### (COLLECTIVE ACTION)

95. Theriot realleges and incorporates all other paragraphs by reference.

96. Theriot brings his FLSA claims as a collective action on behalf of himself and the other Day Date Workers pursuant to 29 U.S.C. § 216(b).

97. Carlsen violated, and is violating, the FLSA by employing non-exempt employees (Theriot and the other Day Rate Workers) in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates not less than 1.5 times their regular rates of pay for the hours worked in excess of 40 a workweek.

98. Carlsen's unlawful conduct harmed Theriot and the other Day Rate Workers by depriving them of the overtime wages they are owed.

99. Accordingly, Carlsen owes Theriot and the other Day Rate Workers the difference between the rate actually paid and the proper overtime rate.

100. Because Carlsen knew, or showed reckless disregard for whether, its day rate pay scheme violated the FLSA, Carlsen owes Theriot and the other Day Rate Workers these wages for at least the past 3 years.

101. Carlsen is also liable to Theriot and the other Day Rate Workers for an amount equal to all their unpaid wages as liquidated damages.

102. Finally, Theriot and the other Day Rate Workers are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## JURY DEMAND

103. Theriot demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Theriot individually, and on behalf of the Day Rate Workers, seeks the following relief:

a.  An Order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) be sent to the Day Rate Workers allowing them to join this action by filing their written consent;

b.  An Order pursuant to Section 16(b) of the FLSA finding Carlsen liable for unpaid back wages due to Theriot and the Day Rate Workers plus liquidated damages in an amount equal to their unpaid wages;

c.  A Judgment against Carlsen awarding Theriot and the Day Rate Workers all their unpaid overtime and other damages available under the FLSA;

d.  An Order awarding attorney's fees, costs, and expenses;

e.  Pre- and post-judgment interest at the highest applicable rates; and

f.  Such other and further relief as may be necessary and appropriate.

Date: June 26, 2024                                  Respectfully submitted,


                                                                                                                    By: */s/ Michael A. Josephson*
                                                                                                                         **Michael A. Josephson**
                                                                                                                         TX Bar No. 24014780
Federal ID No. 27157
**Andrew W. Dunlap**
TX Bar No. 24078444
Federal ID No. 1093163
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

**Richard J. (Rex) Burch**
TX Bar No. 24001807
Federal ID No. 21615
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR THERIOT
& THE DAY RATE WORKERS**

13